UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES SECURITES AND EXCHANGE COMMISSION, : : : | |
| Plaintiff, : | CIVIL NO. |
| v. : : | 3:04 CV 1342 (EBB) |
| WILLIAM A. DIBELLA and NORTH COVE VENTURES, LLC., : : : | |
| Defendants. : | |

### RULING ON MOVANT'S MOTION TO QUASH AND PLAINTIFF'S MOTION TO STRIKE

Movant, Donna DiBella ("DiBella"), brings this action, pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq*. ("the RFPA"), moving to quash a subpoena *duces tecum* issued by the United States Securities and Exchange Commission ("the SEC" or "Plaintiff").  Plaintiff now moves the court to strike DiBella's response affidavit filed April 7, 2009.  For the reasons stated below, DiBella's motion to quash subpoena *duces tecum* [Doc. No. 150] is DENIED, and Plaintiff's motion to strike affidavit of Donna Dibella [Doc. No. 154] is GRANTED.

On March 20, 2008, a judgment was issued against William DiBella in the amount of $791,625.45, pursuant to a jury trial and this court's order [Doc. No. 134].  The SEC claims that William DiBella has not paid any money toward the order to date.  See Pl.'s

Resp. 2.  The SEC has engaged in post-judgment discovery and claims to have uncovered evidence that William DiBella has transferred interest in at least one asset to his wife, Donna DiBella.  See id. The evidence suggests that Donna DiBella received two wire transfers totaling $352,698.28 from 1000 Main Parking, LLC into her Guilford Savings Bank account.  See Outgoing History Wire View (Pl.'s Attach. B-4, B-5).  Plaintiff further claims that the evidence shows that DiBella owned no interest in 1000 Main Parking, LLC prior to the transfers but that William DiBella did.  See Summary of K-1 Activity (Pl.'s Attach. B-1); Schedule K-1 (Pl.'s Attach. B-2).

## Motion to Quash

The RFPA, Donna DiBella's sole judicial remedy to quash the subpoena, states, "If the court finds...that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application..."   12 U.S.C. § 3410(c).   Here, the SEC's investigation meets the definition of a legitimate law enforcement inquiry.  Specifically, the investigation of William DiBella inquires into a violation of law pursuant to a judgment in this court.  See id. at § 3408.

Additionally, the SEC believes that the records sought are relevant to their lawful inquiry.  This belief is reasonable based

2

upon the evidence of wire transfers from a business in which William DiBella had an interest to Donna DiBella's bank account. <u>See</u> Outgoing History Wire View; Summary of K-1 Activity. Donna DiBella's affidavit states that she is neither subject to any proceedings nor a party in the action against her husband, presumably arguing that the inquiry is therefore irrelevant. <u>See</u> DiBella Aff. ¶¶ 6-9, 12. However, the fact that DiBella is not a party has no direct bearing on the relevance of her bank account to the investigation of her husband. The court agrees with the SEC that evidence pointing to transfers from 1000 Main Parking, LLC into DiBella's Guilford account, combined with the other evidence cited above, makes the inquiry into that account relevant to the lawful investigation of William DiBella. The SEC need not provide proof beyond its reasonable belief that DiBella's records are relevant to the investigation. 12 U.S.C. § 3410(c). For these reasons, the court must deny DiBella's motion to quash.

### **<u>Motion to Strike</u>**

On April 7, 2009, Donna DiBella filed an affidavit in response to the SEC's reply memorandum [Doc. No. 153]. The SEC moves to strike this affidavit, claiming that it is unnecessary and not allowed under the RFPA.

The RFPA only allows reply filings by a movant if "the court is unable to determine the motion or allegations on the basis of the parties' initial filings." 12 U.S.C. § 3410(b). The RFPA

places an "emphasis upon speedy resolution of challenges to government subpoenas in aid of a legitimate law enforcement inquiry..." Davidov v. United States SEC, 415 F. Supp. 2d 386, 390 (S.D.N.Y. 2006).

The court agrees that the SEC's filing in response to DiBella's motion to quash demonstrated the reasonableness of the inquiry into DiBella's account for the reasons stated above. Therefore, the April 7, 2009 affidavit was precluded and Plaintiff's motion to strike should be granted.

For each of the reasons set forth herein, DiBella's motion to quash [Doc. No. 150] is DENIED, and Plaintiff's motion to strike [Doc. No. 154] is GRANTED.

                                        SO ORDERED

                                  /s/ Ellen Bree Burns, SUDJ

                                 ELLEN BREE BURNS
                                 SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 30th day of May 2009.